IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY CARBAJAL, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | Jury Demanded |
| CITY OF HIGHLAND PARK, ILLNOIS | ) | |
| POLICE DEPARTMENT, an Illinois Municipality, | ) | |
| And PAUL SHAFER, individually, and in his capacity | ) | |
| as Police Chief of the City of Highland Park, Illinois. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the plaintiff, Rodney Carbajal (" CARBAJAL"), by his attorneys, the Law Office of Sally A. Comin, and brings this complaint against Defendants, the City of Highland Park, Illinois ("HIGHLAND PARK") and Paul Shafer ("SHAFER") and for his complaint alleges as follows:

### JURISDICTION AND VENUE

1.  Count I of this Complaint arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000 et seq. ("Title VII"). Count II is also brought under Title VI. Count III arises under the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Section 1981"). Count IV alleges a violation of the Illinois Whistleblower Act, 740 ILCS 174/1, et seq.

1

2. This Court has jurisdiction over Counts I, II and III pursuant to at 42 U.S.C. §2000(e)-5(f) and 28 U.S.C. §§1331 and 1343. The Court has supplemental jurisdiction over Count III pursuant to U.S.C. §1367.

3. Venue properly lies within the Northern District of Illinois pursuant to 42 U.S.C. §2000(e)-5 (f)(3) and 28 U.S.C. §1391 because CARBAJAL, HIGHLAND PARK and SHAFER reside in this District, and the acts complained of took place in this District.

4. All conditions precedent to this lawsuit have been fulfilled. CARBAJAL filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 23, 2015 alleging discrimination on the basis of national origin and retaliation. (See Exhibit A). The Charge was assigned number 440-2015-05396. On May 27, 2016, the EEOC issued a Notice of Right to Sue Letter. (See Exhibit B).

## PARTIES

5. CARBAJAL is a Hispanic male and a resident of Gurnee, Illinois. He has been employed by HIGHLAND PARK since 1995.

6. HIGHLAND PARK is an employer engaged in an industry affecting commerce and employs more than fifteen people. HIGHLAND PARK is thus an "employer" within the meaning of Title VII.

7. At all relevant times, SHAFER was employed by HIGHLAND PARK as the Chief of Police and assisted in instituting the discriminatory and retaliatory actions complained of herein.

## FACTS

8. CARBAJAL, who is of Hispanic descent, was hired by HIGHLAND PARK in 1995 as an Officer in its Police Department ("HPPD"). He later became an

Investigator and served in this capacity until March 2008 when he was promoted to Sergeant. CARBAJAL is the only Hispanic sergeant at the HPPD.

9. From the date of his hire until today, CARBAJAL's performance has met or exceeded HIGHLAND PARK's reasonable expectations.

10. Indeed, during his employment with HIGHLAND PARK, CARBAJAL has had many accomplishments, including, but not limited to, serving on the Highland Park Police Detective Unit, the Lake County Gang Task Force and the Lake County Major Crime Task Force.

11. Throughout his employment with HIGHLAND PARK, CARBAJAL has repeatedly protested what he believed to be discrimination and retaliation directed against him due to his national origin. For example, SHAFER has used a more stringent standard of discipline for CARBAJAL than for CARBAJAL's non-Hispanic counterparts. CARBAJAL has been repeatedly disciplined for minor matters, while his non-Hispanic counterparts have not received discipline for either such minor matters or infractions of a more serious nature.

12. CARBAJAL filed Charge No. 440-2014-01844 with the EEOC on or about January 31, 2014 alleging discrimination based on national origin. He received a Notice of Right to Sue on January 28, 2015.

13. In November 2014, CARBAJAL learned that the then Deputy Chief was retiring. On or about November 21, 2014, CARBAJAL informed Ghida S. Neukrich, City Manager, that he was interested in applying for the Deputy Chief position. Instead of being considered for the position, on December 15, 2014, CARBAJAL learned that SHAFER had promoted Commander Timothy Wilinski ("WILINSKI") to the position.

As a result, the application process was immediately terminated and CARBAJAL's application was considered null and void.

14. The reason given for WILINSKI's promotion was that the Deputy Chief position could only be given to someone in a Commander's position., HIGHLAND PARK'S job description does not state that only Commanders can be considered for the position of Deputy Chief.

15. While it is true that WILINSKI had a higher rank than CARBAJAL, this distinction had no real meaning because SHAFER's decision ignored the fact that CARBAJAL, and all of the other sergeants, had acted on multiple occasions as a Commander. When doing so, CARBAJAL and the other sergeants performed all of the duties of a Commander and received a Commander's pay.

16. CARBAJAL also had a much more distinguished record than WILINSKI. Indeed, prior to WILINSKI's promotion, a comparison of both men's records during their time at the HPPD showed that CARBAJAL'S achievements and awards greatly outnumbered those of WILINSKI.

17. After WILINSKI became Deputy Chief, four of the crucial duties of a Deputy Chief were assigned to CARBAJAL. These duties were LMS Support Coordinator, ILETSB Reimbursement, Police Law Institute On-Line Monthly Review and Training Coordinator. Accordingly, even though CARBAJAL was not promoted to the Deputy Chief position, he was now performing duties normally assigned to a Deputy Chief.

4

18. According to HIGHLAND PARK General Order 119, promotions are to be given to the highest scorer on tests and interviews tailored to meet the HPPD's hiring needs.

19. By not allowing CARBAJAL to interview for the Deputy Chief position, SHAFER went against HIGHLAND PARK General Order 119 by directly promoting WILINSKI to the Deputy Chief position even though CARBAJAL was more qualified for the job.

20. Following WILINSKI's promotion, CARBAJAL applied for the now vacant Commander's position.

21. A panel of allegedly neutral panelists was chosen to conduct the interview. This did not occur because one of the allegedly neutral panelists had a prior working relationship with Jon Lowman ("LOWMAN"), another applicant for the job. The choosing of this panelist gave LOWMAN an unfair advantage over CARBAJAL.

22. A comparison of CARBAJAL's and LOWMAN's records at that time showed that CARBAJAL's achievements and awards outnumbered those of LOWMAN.

23. Again, despite being the most qualified candidate for the position, in May 2015, CARBAJAL learned that SHAFER had given the promotion to LOWMAN.

24. CARBAJAL filed Charge No. 440-2015-05396 with the EEOC on or about June 23, 2015 alleging discrimination based on national origin, Hispanic and retaliation. He received a Notice of Right to Sue on May 27, 2016.

25. HIGHLAND PARK and SHAFER have continued their campaign of discrimination based on national origin, Hispanic and retaliation up until the present time.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION

26. As paragraph 26, CARBAJAL hereby incorporates as reference as if fully set-forth herein paragraphs 1 through 25 above.

27. CARBAJAL is Hispanic, was performing his job more satisfactorily than both WILINSKI and LOWMAN and was discriminated against, while his non-Hispanic counterparts, WILINSKI and LOWMAN were treated more favorably.

28. CARBAJAL's national origin, Hispanic, was the motivating factor in HIHGLAND PARK's and SHAFER's decision to discriminate against him.

29. By the conduct described above, HIGHLAND PARK and SHAFER, intentionally discriminated against CARBAJAL when they bypassed him for promotion to both the Deputy Chief and Commander positions even though records show that he was the most qualified candidate for each job.

30. HIGHLAND PARK's and SHAFER's employment practices and conduct were intentional, deliberate, willful and conducted in callous disregard for CARBAJAL's federally protected rights.

31. As a result of the unlawful discrimination described above, CARBAJAL is entitled to all of Title VII's legal and equitable remedies.

32. The effect of the practices complained above has been to deprive CARBAJAL of equal employment opportunities and otherwise adversely affect his employment status because of his national origin, Hispanic.

33. HIGHLAND PARK and SHAFER, at all relevant times, acted with malice or reckless indifference to the CARBAJAL's federally protected rights. As a result, punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, CARBAJAL requests the following relief:

A. A declaration from this Court that CARBAJAL has been discriminated against based on his national origin in violation of Title VII;

B. A declaration from this Court that HIGHLAND PARK acted with malice and/or reckless indifference to, and disregard for, CARBAJAL's federally-protected rights under Title VII;

C. That CARBAJAL be awarded damages, including but not limited to, damages equal to the salary he would have earned if he had been promoted to the Deputy Chief, or, in the alternative, the Commander position, and interest from the dates when such amounts would have been paid until such time as judgment in this case is rendered.

D. That CARBAJAL be awarded compensatory damages in an amount to compensate him for, without limitation, loss of income, loss of earnings potential, loss of enjoyment of life and emotional distress.

E. That CARBAJAL be awarded punitive damages on account of HIGHLAND PARK and SHAFER's malicious and/or reckless and callous indifference to his federally protected rights;

F. That CARBAJAL be awarded his costs of maintaining this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. §2000E-5(k); and

G. That CARBAJAL be awarded such other and further relief as this Court deems necessary to effectuate the purposes of Title VII.

## COUNT II
## RETALIATION

34. As paragraph 34, CARBAJAL hereby incorporates as reference as if fully set-forth herein paragraphs 1 through 33 above.

7

35. HIGHLAND PARK and SHAFER intentionally retaliated against CARBAJAL when they bypassed him for promotion on two separate occasions even though he was the best-qualified candidate for each job.

36. These actions were taken in retaliation for CARBAJAL's repeated complaints of discrimination based on his being Hispanic, for what he believed to be potential discriminatory practices towards other Hispanic employees, and his for filing an EEOC Charge in 2014.

37. HIGHLAND PARK's and SHAFER's employment practices and conduct were intentional, deliberate, willful and conducted in callous disregard for CARBAJAL's federally protected rights.

38. As a result of the unlawful discrimination described above, CARBAJAL is entitled to all of Title VII's legal and equitable remedies.

39. The effect of the practices complained above has been to deprive CARBAJAL of equal employment opportunities and otherwise adversely affect his employment status because of his national origin, Hispanic.

40. HIGHLAND PARK and SHAFER, at all relevant times, acted with malice or reckless indifference to the CARBAJAL's federally protected rights. As a result, punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, CARBAJAL requests the following relief:

A. A declaration from this Court that CARBAJAL has been retaliated against in violation of Title VII;

B. A declaration from this Court that HIGHLAND PARK AND SHAFER acted with malice and/or reckless indifference to, and disregard for, CARBAJAL's federally protected rights under Title VII;

C. That CARBAJAL be awarded damages, including but not limited to, damages equal to the salary he would have earned if he had been promoted to the Deputy Chief, or, in the alternative, the Commander's position, and interest from the dates when such amounts would have been paid until such time as judgment in this case is rendered.

D. That CARBAJAL be awarded compensatory damages in an amount to compensate him for, without limitation, loss of income, loss of earnings potential, loss of enjoyment of life and emotional distress.

E. That CARBAJAL be awarded punitive damages on account of HIGHLAND PARK and SHAFER'S malicious and/or reckless and callous indifference to his federally protected rights;

F. That CARBAJAL be awarded his costs of maintaining this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. §2000E-5(k); and

G. That CARBAJAL be awarded such other and further relief as this Court deems necessary to effectuate the purposes of Title VII.

## COUNT III

### NATIONAL ORIGIN DISCRIMINATION UNDER SECTION 1981

41. As paragraph 41, CARBAJAL hereby incorporates as reference as if fully set-forth herein paragraphs 1 through 40 above.

9

42. Pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1981, it is unlawful to discriminate or retaliate in contracts, including employment contracts, on the basis of national origin.

43. HIGHLAND PARK's and SHAFER's actions, as set forth in paragraphs 1 through 42 above, constituted willful and unlawful national origin discrimination and retaliation, in violation of Section 1981.

44. HIGHLAND PARK's and SHAFER's actions were pursuant to a custom, policy and practice of discrimination and retaliation against Hispanics and in favor of Caucasians.

49. This discrimination and retaliation against CARBAJAL, based upon his national origin, was consistent with HIGHLAND PARK's and SHAFER's *de facto* customs and practices.

50. The discrimination and retaliation against CARBAJAL was under color of state law.

51. The effect of the practices complained above has been to deprive CARBAJAL of equal employment opportunities and otherwise adversely affect his employment status because of his national origin, Hispanic.

52. HIGHLAND PARK's and SHAFER's employment practices and conduct were intentional, deliberate, willful and conducted in callous disregard for CARBAJAL's federally protected rights.

53. As a result of the unlawful discrimination described above, CARBAJAL is entitled to all of Section 1981's legal and equitable remedies.

54. HIGHLAND PARK and SHAFER, at all relevant times, acted with malice or reckless indifference to the CARBAJAL's federally protected rights. As a result, punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, CARBAJAL requests the following relief:

A. A declaration from this Court that CARBAJAL has been discriminated against based on his national origin in violation of Section 1981;

B. A declaration from this Court that HIGHLAND PARK acted with malice and/or reckless indifference to, and disregard for, CARBAJAL's federally-protected rights under Section 1981;

C. That CARBAJAL be awarded damages, including but not limited to, damages equal to the salary he would have earned if he had been promoted to the Deputy Chief, or, in the alternative, the Commander position, and interest from the dates when such amounts would have been paid until such time as judgment in this cause is rendered.

D. That CARBAJAL be awarded compensatory damages in an amount to compensate him for, without limitation, loss of income, loss of earnings potential, loss of enjoyment of life and emotional distress.

E. That CARBAJAL be awarded punitive damages on account of HIGHLAND PARK and SHAFER's malicious and/or reckless and callous indifference to his federally protected rights;

F. That CARBAJAL be awarded his costs of maintaining this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

G. That CARBAJAL be awarded such other and further relief as this Court deems necessary to effectuate the purposes of Section 1981.

## COUNT IV
## VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT

55. As Paragraph 54, CARBAJAL hereby incorporates as reference as if fully set forth herein paragraphs 1 through 40 above.

56. The Illinois Whistleblower Act was passed in 2004 to protect employees from being retaliated against after reporting an employer to a government and/or law enforcement agency where the employee has a reasonable cause to believe that the information discloses a violation of a state or federal law, rule or regulation.

57. CARBAJAL informed HIGHLAND PARK and SHAFER on multiple occasions that the city was engaging in illegal practices when it discriminated against him based on his national origin, Hispanic, and other illegal actions within the police department, including, but not limited to, violations of the criminal code, theft of time, threats of violence by superiors and discriminatory practice towards other Hispanic employees.

58. As a direct result of his many complaints, HIGHLAND PARK and SHAFER intentionally retaliated against CARBAJAL when they bypassed him for promotion on two separate occasions even though he was the best-qualified candidate for each job.

WHEREFORE, CARBAJAL requests the following relief:

A. A declaration from this Court that CARBAJAL has been retaliated against in violation of the Illinois Whistleblower Act;

B. That CARBAJAL be awarded compensatory damages, including but not limited to, damages equal to the salary he would have earned if he had been promoted to the Deputy Chief, or, in the alternative, the Commander's position, and interest from the

12

dates when such amounts would have been paid until such time as judgment in this cause is rendered;

D. That CARBAJAL be awarded his costs of maintaining this action, including, but not limited to, reasonable attorneys' fees, pursuant to 740 ILCS 174/30; and

G. That CARBAJAL be awarded such other and further relief as this Court deems necessary to effectuate the purposes of the Illinois Whistleblower Act.

### JURY DEMAND

CARBAJAL trial by jury.

        Respectfully submitted,

        By: /s/ Sally A. Comin/s/
        _____
        One of Plaintiff's Attorneys

Sally A. Comin
Law Office of Sally A. Comin
70 West Madison Street
Suite 1400
Chicago, IL 60602
Telephone: (847) 309-8742
Facsimile: (866) 398-3771