# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RODNEY CARBAJAL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 8364 |
| | ) |
| **CITY OF HIGHLAND PARK, ILLINOIS** | ) |
| **POLICE DEPARTMENT**, an Illinois | ) |
| Municipality, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Contemporaneously with their delivery to this Court of a motion to dismiss Counts III and IV of the Employment Discrimination Complaint ("Complaint") brought against them by Rodney Carbajal ("Carbajal"), defendants have also delivered a copy of their Answer and Affirmative Defenses ("ADs") to Counts I and II of the Complaint. This memorandum order is issued sua sponte to address some problematic aspects of the ADs. Here they are:

1. AD 1, which asserts that Carbajal's "claims are barred to the extent he has failed to exhaust his administrative remedies," needs fleshing out. Such a substantive defense, which has the potential for narrowing the scope of litigation, should be tendered by a properly supported motion so that it may be dealt with on the merits, rather than its lying dormant and having to be addressed after the parties have devoted material resources to issues that may be out of the case as a matter of law. Accordingly defendants are required to file such a properly supported motion on or before

December 20, 2016, failing which AD 1 will be denied as having been forfeited.

2. To the extent that defendants view Carbajal's claims as "based on events occurring outside of the statute of limitations," the same principle as stated in the preceding paragraph is applicable. In that respect it must be recognized, of course, that any <u>allegations</u> in the Complaint that deal with events falling outside of the statute of limitations, even though not actionable in themselves, may still be relevant to the extent that they may evidence a prohibited discriminatory mindset or motivation for action.

3. ADs 4 and 5 are inconsistent with the basic premise of Fed. R. Civ. P. 8(c), which requires a party advancing an AD to accept all well-pleaded allegations of a complaint, together with reasonable inferences from those allegations, as gospel. Those ADs are at odds, for example, with Complaint ¶ 40 and are accordingly stricken.

4. AD 7 adds nothing to the current pleading mix because it is purely speculative. If grounds for another AD were to arise in the future, defendants will be free to tender such added AD as a proposed amendment to the Answer. Hence AD 7 is also stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2016